■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HOWELL, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered October 29, 1982, convicting him of robbery in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's motion which was to suppress certain physical evidence (Santagata, J.).

Judgment affirmed.

At midnight on November 4, 1981, Police Officer Donald Meyer was on routine motor patrol, proceeding southbound on Route 107 in the vicinity of its intersection with Union Avenue, in Bethpage, New York. He had been "keeping an eye" on a gas station located at this intersection because it had been the target of two previous robberies. He looked eastward down Union Avenue and noticed a dark-colored Chevrolet, legally parked, with its lights off. This vehicle matched the description of a vehicle reportedly used by a "stickup team" which had been broadcast on Officer Meyer's police radio earlier that night. The vehicle was parked near a house which was being renovated, and a Dairy Barn store which was closed, as well as near the service station at which the prior robberies had occurred. It appeared to Officer Meyer that, considering the time of night, it was unusual for an automobile to be parked in this location. Meyer activated the alley light on his patrol car in the direction of the green Chevy. As soon as the light illuminated the vehicle, its lights came on and it began to move down Union Avenue. Officer Meyer pursued the vehicle and then turned on his patrol

car's red light and siren, whereupon the subject vehicle came to a stop. Defendant argues that this stop was not justified in that Officer Meyer, prior to the stop, had no "reasonable suspicion" that the car was in any way connected with criminal activity (*see, People v Sobotker,* 43 NY2d 559, 564). We disagree.

"[T]he degree of suspicion required to justify [a] stop is minimal. Nothing like probable cause * * * is required" (*People v Ingle,* 36 NY2d 413, 415). The record in this case supports the finding that Officer Meyer observed the car, which matched the description of a car which had been involved in prior robberies, parked in the vicinity of a service station where prior robberies had occurred. Furthermore, this car began to drive away only after Officer Meyer made his presence known by flashing his car's alley light. At this point, Meyer had a reasonable suspicion, and his stopping of the car was justified. The record further supports the finding that any subsequent search of the vehicle was consented to by the vehicle's owner. Suppression of the evidence seized during that search is, therefore, not warranted.

We have reviewed defendant's remaining contentions and find them to be without merit. Lazer, J. P., Bracken, O'Connor and Brown, JJ., concur.